Tbe opinion of tbe Court was delivered by
O’Neall, C. J.
In tbis case, on tbe fourth ground, we think a new trial should be granted. That ground imputes error to tbe Commissioner of Special Bail, in ruling “that tbe plaintiff could not interrogate tbe applicant as to tbe title to certain lands, bouses, and other property which be said belonged to bis wife as a sole trader, because.there was no special exception as to tbe omission to .insert them in tbe schedule.”
Tbis occurred, as I .understand, after tbe applicant bad *36 amended his schedule. Of course there could be no special objection set down to it.
The point seems to have been expressly decided in opposition to the Commissioner’s .ruling. In Hyatt vs. Hill, 2 McM. 55, it was held, that whenever the Judge or Commissioner permits a party to amend his schedule after specifications have been filed suggesting fraud, it becomes a new schedule, and the creditor has the same right to examine the party as to the amended part of the schedule as he had to the Original.
It follows that the Commissioner’s ruling being erroneous, a. new trial must be had.
The motion is therefore granted on the fourth ground of appeal.
Wardlaw, J., concurred.
Johnstone, J., dubitante.

Motion granted.